```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
STEVEN M. CHERNIAK,
          Plaintiff,

  - against -

SOLOW REALTY AND DEVELOPMENT
COMPANY, LLC, SOLOW REALTY AND
DEVELOPMENT COMPANY, LLC 2002
SUPPLEMENTAL EXECUTIVE
RETIREMENT PLAN and SHELDON H.
SOLOW, individually,
          Defendants.
------------------------------------------------------x

12-CIV-5564 (HB)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**[1]

    Defendants move for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants argue that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, preempts Plaintiff Steven Cherniak's state law claims. For the following reasons, Defendants' motion is DENIED.

## BACKGROUND

    Solow Realty and Development Company LLC ("Solow LLC") employed Plaintiff from October 1982 to December 2008. In December 2002, Sheldon Solow, Solow LLC's president, "signed and personally guaranteed" the 2002 Supplemental Executive Retirement Plan (the "SERP"). The SERP entitled Plaintiff "to receive a supplemental retirement benefit . . . as of the 'Retirement Payment Commencement Date.'" (Compl. ¶¶ 16–17) Plaintiff claims that upon his termination without cause, he became entitled to the SERP's benefits. (*Id.* ¶¶ 28–33.)

    Plaintiff first asserts that "the [SERP] is and has been at all relevant times an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2)." (*Id.* ¶ 10.) Accordingly, Plaintiff brings a claim for benefits under ERISA § 502(a)(1)(B). (*Id.* ¶¶ 43–47.) But in addition to Plaintiff's ERISA claim, Plaintiff also asserts two breach of contract claims under state law. In the alternative to his ERISA claim, Plaintiff first argues that Solow LLC agreed—independent of any ERISA plan—to compensate Plaintiff if he were terminated without cause. (*Id.* ¶¶ 48–49.) Second, Plaintiff brings a claim individually against Solow. That claim

---

[1] Tabetha Peavey, a rising second-year student at UC Berkeley School of Law and a Summer 2013 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

seeks to enforce Solow's personal guarantee that he would pay Plaintiff the equivalent of the amount due under the SERP if Plaintiff did not otherwise receive those benefits. Defendants seek to dismiss both of these state law claims. (*Id.* ¶¶ 55–58.)

## DISCUSSION

Motions for judgment on the pleadings under Rule 12(c) are analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Accordingly, I "accept all factual allegations in the complaint as true and draw all reasonable inferences in [Plaintiff's] favor." *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)). "To survive a Rule 12(c) motion, [Plaintiff's] 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson*, 569 F.3d at 44 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

### A. Breach of Contract Claim Against Solow LLC

Defendants first urge that ERISA preempts Plaintiff's contract claims against Solow LLC. And indeed, ERISA will generally preempt a contract claim "which merely amounts to an alternative theory of recovery for conduct actionable under ERISA." *Venturino v. First Unum Life Ins. Co.*, 724 F. Supp. 2d 429, 432 (S.D.N.Y. 2010) (quoting *Diduck v. Kaszycki & Sons Contractors Inc.*, 974 F.2d 270, 288 (2d Cir. 1992)). But here, Plaintiff brings his breach of contract claim against Solow Realty in the alternative to his ERISA claim. *See* Fed. R. Civ. P. 8(d)(2)–(3). And at this stage, the Court cannot determine on the pleadings alone whether the SERP is an ERISA benefits plan. Although Plaintiff alleges that the SERP was an ERISA plan, it is premature to assume the truth of this allegation given the lack of evidence before the Court about the SERP. *See Boudinot v. Shrader*, No. 09 Civ. 10163, 2012 WL 489215, at *7 n.92 (declining to dismiss state law claims where court could not determine whether ERISA plan existed). Indeed, "Plaintiff[] at this early stage [is] not bound for the purposes of [his] state law claims by [his] alternative allegation that there was an ERISA plan." *Aiena v. Olsen*, 69 F. Supp. 2d 521, 531 (S.D.N.Y. 1999) (citing *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir.1999)). Despite Defendants' urgings that they do not contest that, if enforceable, ERISA would govern the SERP, I decline to dismiss Plaintiff's contract claims against Solow LLC at this early stage.

2

## B. Breach of Contract Claim Against Solow Individually

I turn next to Plaintiff's claims against Solow in his individual capacity. First, complete preemption does not apply. Complete preemption "permits removal of a lawsuit to federal court based upon the concept that where there is complete preemption, only a federal claim exists." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (quoting *In re WTC Disaster Site*, 414 F.3d 352, 372–73 (2d Cir. 2005)). Under that doctrine, ERISA completely preempts claims "brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* (alteration in original) (footnote omitted) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

But as with Plaintiff's contract claims against Solow LLC, it is premature for the Court to assume that the SERP was an ERISA plan. If it were not an ERISA plan, then Plaintiff's claims could not be construed as ERISA § 502(a) claims for benefits. And even assuming the SERP is an ERISA plan, Solow's personal guarantee is an "independent legal duty" that ERISA does not completely preempt. Construing the allegations in Plaintiff's favor, Solow's guarantee promised Plaintiff benefits even if he did not receive them from the SERP. *See Arditi v. Lighthouse Int'l*, 676 F.3d 294, 300 (2d Cir. 2012) (no complete preemption where "the independent agreement . . . gave [plaintiff] benefits even though he had no right to them under the [ERISA] plan"). Here, interpretation of the SERP would be necessary only to determine the amount of damages to which Plaintiff would be entitled due to breach of Solow's independent promise. Accordingly, Plaintiff's claim against Solow is not completely preempted. *See Stevenson v. Bank of New York Co., Inc.*, 609 F.3d 56, 61 (2d Cir. 2010) (no ERISA § 502(a) preemption where "claims make reference to ERISA plans solely as a means of describing the consideration underlying an alleged contract that itself is separate from the terms of any plan").

Similarly, ERISA § 514(a) express preemption also does not reach Plaintiff's claim against Solow. That clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Again construing the "personal guarantee" in Plaintiff's favor, Solow's potential liability "derive[s] from this promise rather than from an ERISA benefits plan." *Stevenson*, 609 F.3d at 61. Accordingly, that claim's resolution "does not require a court to review the propriety of an

administrator's or employer's determination of benefits under such a plan." *Id.* And because Solow, not Plaintiff's employer, would owe Plaintiff this additional compensation, Plaintiff's claim does not affect the relationship among the "core ERISA entities: beneficiaries, participants, administrators, trustees and other fiduciaries." *Id.* For these reasons, Plaintiff's claim against Solow at this stage does not sufficiently relate to ERISA such that it is subject to ERISA § 514(a) express preemption.

## CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED. The Clerk of Court is instructed to close this motion and remove it from my docket.

**SO ORDERED.**

July 17, 2013
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.